United States District Court
Southern District of Texas
**ENTERED**
September 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREW BURKE, § <br> (Inmate # P00242515) § <br> § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> TEXAS COMMISSION ON JAIL § <br> STANDARDS, *et al.*, § <br> § <br> *Defendants*. | CIVIL ACTION NO. H-23-3412 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Burke is a pretrial detainee confined in the Fort Bend County Jail. On September 12, 2023, he filed a civil rights action under 42 U.S.C. § 1983, raising numerous claims against numerous jail officials. (Dkt. 17). In addition to his complaint, Burke filed a motion to proceed *in forma pauperis*, together with a copy of his inmate trust fund account statement. (Dkts. 2, 3). Because Burke has not paid the applicable filing fee and is not eligible to proceed *in forma pauperis* in this action, the Court dismisses this action as explained further below.

### I.  BACKGROUND

Burke is currently in the Fort Bend County Jail awaiting trial on charges of aggravated assault with a deadly weapon, assault on a public servant, and conspiracy

to commit murder. *See* Fort Bend District Clerk's Office Inmate Search, available at htttps://www.fortbendcountytx.gov (last visited Sept. 14, 2023). In his complaint, Burke sues the Texas Commission on Jail Standards, alleging that it illegally allows jails to use "violent cells" as a form of punishment. (Dkt. 1, p. 3). Burke sues Captain Chesser, alleging that he imposes "draconian" disciplinary sanctions that violate mental health rules. (*Id.*). Burke also alleges that Captain Chesser is denying him commissary items and is putting less food on his meal trays. (*Id.*). Burke sues Lieutenant Reiser, alleging that he has illegally confined Burke in administrative segregation for over a year and that he is sabotaging Burke's grievances. (*Id.*). Burke also alleges that Lieutenant Reiser threatened him with physical harm two weeks before Burke filed this complaint. (*Id.*). Finally, Burke alleges that Dr. Gottlieb and Health Services Administrator Durelle Cardiff are denying him food and access to medical care. (*Id.*).

As relief, Burke seeks money damages, an injunction ordering the Jail to provide him with larger portions on his meal trays, an injunction order the Jail to schedule "doctor appointments" for him and stop using violent cells; and an injunction to prevent Lieutenant Reiser from "sabotaging grievance procedures." (*Id.* at 4).

## II. DISCUSSION

Because Burke is currently incarcerated, his civil action is governed by the

Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, an inmate may not proceed *in forma pauperis* if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that, since he has been incarcerated, Burke has filed no fewer than six previous actions that have been dismissed by the federal courts as frivolous or for failure to state a claim upon which relief could be granted. *See, e.g., Burke v. Ft. Bend Cty. Sheriff's Office, et al.*, Civil No. 4:22-cv-2577 (S.D. Tex. Nov. 3, 2022); *Burke v. Diaz*, Civil No. 4:23-cv-332 (S.D. Tex. Feb. 2, 2023); *Burke v. Chesser, et al.*, Civil No. 4:23-cv-842 (S.D. Tex. Mar. 14, 2023); *Burke v. Bridges, et al.*, Civil No. 4:23-cv-1011 (S.D. Tex. Mar. 27, 2023); *Burke v. Webb*, Civil No. 4:22-cv-4366 (S.D. Tex. Apr. 27, 2023); *Burke v. Soland*, Civil No. 3:23-cv-300 (S.D. Tex. May 11, 2023). As a result, Burke has incurred three strikes for purposes

of the PLRA's three-strikes rule, and he is barred from proceeding in this civil action *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Burke is well aware of this restriction on his ability to proceed *in forma pauperis* because this Court has dismissed no fewer than seven of his actions under § 1915(g) in the last six months, many of which include identical allegations against the same defendants as those included in his current complaint. *See Burke v. Lopez, et al.*, Civil No. 4:23-cv-1843 (S.D. Tex. May 22, 2023); *Burke v. Ganey, et al.*, Civil No. 4:23-cv-1883 (S.D. Tex. May 25, 2023); *Burke v. Williams, et al.*, Civil No. 4:23-cv-1974 (S.D. Tex. May 31, 2023); *Burke v. Brown, et al.*, Civil No. 4:23-cv-1973 (S.D. Tex. June 12, 2023); *Burke v. Davis, et al.*, Civil No. 4:23-cv-2032 (S.D. Tex. June 14, 2023); *Burke v. Cardiff, et al.*, Civil No. 4:23-cv-2920 (S.D. Tex. Aug. 11, 2023); *Burke v. Flower, et al.*, Civil No. 4:23-cv-3046 (S.D. Tex. Aug. 25, 2023).

To attempt to take advantage of the imminent danger exception in § 1915(g), Burke alleges that he is in imminent danger of serious physical harm because he was "viciously assaulted" on August 15, 2023, by unidentified persons. (Dkt. 1, p. 1). But to fall under the statutory exception, the prisoner must be in imminent danger when he files his action in district court; not at some point in the past. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Baños*, 144 F.3d at 884. More importantly,

the threat of serious physical injury must be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims).

In this case, Burke alleges that unidentified individuals assaulted him almost a month before he filed his current complaint. This allegation does not show that Burke was in imminent danger when he filed this complaint in September 2023. Burke's allegation that Lieutenant Reiser threatened him two weeks ago is also insufficient to show that Burke is in imminent danger. Moreover, Burke alleges no facts concerning the nature of the August 2023 assault or the parties involved, nor does he explain how the relief he is seeking from the Court in this action would reduce or eliminate the danger of serious physical harm from a similar assault in the future. In short, he pleads no facts that plausibly show any connection between the alleged August 2023 assault and threat of harm and his current claims. His allegations are therefore insufficient to satisfy the imminent danger exception of § 1915(g).

Because Burke does not allege facts sufficient to establish that he is currently in imminent danger of serious bodily harm, he is barred by § 1915(g) from

proceeding with this action *in forma pauperis*. His action will be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This prisoner civil rights action filed by Andrew Burke is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All other pending motions, including Burke's motion to proceed *in forma pauperis*, (Dkt. 2), are **DENIED as moot.**

3. Burke may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($402.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _Sept 14_, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE